UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA : CRIMINAL NO. 1:12-CR-064
:
:
v. :
:
:
KEVIN HUFF : **PLEA AGREEMENT**

- - - - - - - - - - - - - - -

It is hereby agreed between **KEVIN HUFF**, individually and through his attorney, Eric Brehm, and the United States of America, by and through Kenneth L. Parker and Aaron Haslam, Assistant and Special Assistant U.S. Attorneys for the Southern District of Ohio, as follows:

1. **KEVIN HUFF** (hereinafter "the defendant") understands his rights:

    a. to be charged by way of an Indictment returned by a Federal Grand Jury;

    b. to plead not guilty;

    c. to have a trial by jury;

    d. to confront and cross-examine witnesses and to call witnesses in his defense;

    e. against compelled self incrimination; and

    f. to have at least thirty (30) days after appearance with counsel to prepare for trial.

2. Understanding his rights, the defendant will waive Indictment by the Federal Grand Jury and will enter pleas of Guilty to a two count Information, filed in the Southern District

of Ohio, charging him with knowingly, intentionally, and unlawfully conspiring to distribute an amount of Oxycodone (a.k.a. "Oxycontin"), a Schedule II Controlled Substance, in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) (Count 1) and conspiring to knowingly and willfully conduct one or more financial transactions, in or affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(h) (Count 2).

3. The defendant admits that, between the period of July of 2009, and continuing up until June 14, 2011, he conspired with others to illegally distribute oxycodone and to conceal the proceeds gained from the clinic in purchasing real property, vehicles, and boats as well as concealing the proceeds in bank accounts.

4. The defendant understands that the punishment prescribed by law for the offense as charged in Count 1 of the Information is from zero to twenty (20) years, a fine of $1,000,000, and term of at least 3 years of supervised release. In addition, the defendant understands that the punishment as prescribed by law for the offense as charged in COUNT 2 of the Information is from zero to twenty (20) years imprisonment, a fine of $1,000,000, and term of at least 3 years of supervised release.

5. In exchange for the defendant's pleas of guilty as set forth in this Plea Agreement, the United States Attorney for the

Southern District of Ohio will not bring any additional narcotics or money laundering charges against him to the extent that he has truthfully advised the Office of the United States Attorney for the Southern District of Ohio and any other law enforcement agency designated by this Office of the illegal activities regarding the circumstances of the violations.

6. No promises have been made to the defendant that he will receive probation or that he will receive a lighter sentence on account of his pleas of guilty to the Information.

7. The defendant understands that the United States Sentencing Guidelines ("Federal Sentencing Guidelines") are advisory and not mandatory. Therefore, even though the Court is required to consider the Federal Sentencing Guidelines and their application to this case in imposing sentence, sentencing is within the discretion of the Court, and the defendant understands that the Court may or may not choose to impose a sentence based on the applicable sentencing range under the Federal Sentencing Guidelines for the offenses charged in the Information. The defendant has thoroughly reviewed with his attorney, Eric Brehm, how the Federal Sentencing Guidelines might apply to this case. The defendant understands that he does not have the right to withdraw his guilty pleas if the Court chooses to apply the Federal Sentencing Guidelines including upward departures or otherwise imposes a sentence that is higher than expected.

8. The defendant understands and agrees that the United States will recommend that the base offense level for purposes of Federal Sentencing Guidelines for the violation set forth in Count 1 of the Information is a level 38 (representing 30,000 kilograms of marijuana after converting the amount of Oxycodone pursuant to the Federal Sentencing Guidelines' *Drug Equivalency Table*).

9. The defendant understands that if he satisfies the requirements of Federal Sentencing Guideline § 3E1.1(a), he will receive a downward adjustment of 2 points for acceptance of responsibility. Furthermore, the defendant understands that if he also satisfies the requirements of Federal Sentencing Guideline § 3E1.1(b), the United States will recommend that his offense level be reduced by 1 additional point.

10. The United States Attorney for the Southern District of Ohio and the defendant stipulate as to the following facts, pursuant to Sentencing Guidelines Section 6B1.4:

    A. That from in or about July of 2009 and continuing up to and including June 14, 2011, the defendant did agree with others to possess with the intent to distribute Oxycodone and to conceal the proceeds thereof;

    B. That the defendant knew of the unlawful purpose of the agreements;

    C. That the defendant joined in the agreements willfully, that is, with the intent to further the unlawful purpose;

      D.    That the amount of Oxycodone involved in the conspiracy is in excess of 200,000 dose units of 30mg tablets; and

      E.    That the conspiracies occurred in the Southern District of Ohio and elsewhere.

11. The defendant fully understands and realizes that the sentencing guideline recommendations and stipulations set forth in this plea agreement are not binding upon the Court. The defendant fully understands that the Court, after investigation and review, may determine the offense factors outlined in this plea agreement are not appropriate and is not obligated to accept such. In that event, the defendant fully understands that he shall not have the right to withdraw his guilty pleas.

12. **FORFEITURE OF PROPERTY:** The defendant agrees, if the United States chooses to exercise its right to forfeiture, to withdraw any claim to and not to contest the forfeiture to the United States under federal law of all of his right, title, and interest in the following property:

**REAL PROPERTY:**

i.    3003 Henley-Deemer Road, property includes 2 house trailers, Parcel No. 23-0737.004, listed in the name of Bobbie Collett;

ii.   7291 State Rt. 104, Lucasville, Ohio;

iii.  644 Owensville Road, Lucasville, Ohio, Parcel number 21-0833.001, listed in the name of Bobbie Collett;

iv.  12539 State Route 104, Lucasville, Ohio, listed in the name of Darren Pendleton;

v.  52 Vine Street, Sciotoville, Ohio; and

vi. 10 McCall Road, Lucasville, Ohio, Parcel No. 13-0035, listed in the name of Bobbie Collett.

**VEHICLES & BOAT:**

a.  2001 Dodge Caravan, Id. No.2B4GP44391R287655, listed in the name of Michael Hughes;

b.  2004 Chevy Silverado Truck, V.I.N. 1GCEK19T24E280998;

c.  2009 Honda 250 ATV, Model TRX, V.I.N. 250X1HFTE270994800260;

d.  2003 Honda 350 Rancher ATV, V.I.N. 478TE250334218149;

e.  2003 Honda 250 EX ATV, V.I.N. 478TE270034214220;

f.  2006 Pontiac G6; and

h.  2001 Mercury Cruiser 20 ft. Boat, V.I.N. BUJ683621001.

**CURRENCY:**

a.  Twenty Thousand Dollars ($20,000.00) in United States currency previously surrendered by Kevin Huff.

**BANK ACCOUNTS:**

a.  The contents of PNC Bank account number xxx5109 in the name of Primary Health Care LLC (approximately $73,637.20); and

b.  The contents of PNC Bank account number xxx6211 in the name of Darren Pendleton DBA Pendleton Truck Sales (approximately $45,238.26).

Further, the defendant agrees to assist the United States to resolve in its favor any claim by any other individual to said property.

Additionally, the defendant waives any rights he may have under federal law and rules to notice and other aspects of the forfeiture of said property, including but not limited to

allegations of forfeiture as to each item above in the Information herein, timely adoption of seizure by federal authorities, notice of intent to forfeit under 18 U.S.C. § 983(a) within 60 days of seizure, and initiation of judicial forfeiture under 18 U.S.C. § 983(a) within 90 days of administrative claim.

13. The defendant understands that he may be offered an opportunity to provide substantial assistance in the prosecution of other individuals involved in the distribution of narcotics and other criminal activity in the Southern District of Ohio and elsewhere. In order to satisfy his obligations to provide substantial assistance the defendant shall: (a) truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which the Office of the U.S. Attorney for the Southern District of Ohio and any other office designated by the U.S. Attorney for the Southern District of Ohio inquires of him, which information can be used for any purpose; (b) cooperate fully with the Office of the U.S. Attorney for the Southern District of Ohio and any other law enforcement agency designated by this Office; (c) attend all meetings at which his presence is requested; (d) provide, upon request, any document, record, or tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) truthfully testify before the grand jury and at any trial and other court proceeding with respect to

any matters about which this Office may request his testimony; (f) bring attention to all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and (g) commit no further crimes whatsoever. Nothing that the defendant communicates to the government in the course of providing substantial assistance could be used to enhance his sentence. The defendant understands and agrees that crimes of violence are not protected by this plea agreement and may be prosecuted by state or federal law enforcement authorities.

14. The defendant understands that even if he provides substantial assistance it is within the sole discretion of the United States to file a motion for a reduction in sentence pursuant to Federal Sentencing Guideline § 5K1.1 or 18 U.S.C. § 3553(e), and/or Federal Rule of Criminal Procedure 35. The defendant understands that if the United States chooses not to file a motion for a reduction in his sentence pursuant to § 5K1.1 of the Federal Sentencing Guidelines, Title 18 U.S.C. § 3553(e), and/or Federal Rule of Criminal Procedure 35 he will not be entitled to withdraw his pleas of guilt.

15. The defendant understands that the Probation Department will conduct a pre-sentence investigation and will recommend to the Court a sentencing guideline range. The defendant understands that the Probation Department's recommendations are not binding upon the

Court and the terms of this Plea Agreement are not binding upon the Court or the Probation Department. The defendant understands that if the Court does not follow the recommendations contained in this Plea Agreement he does not have the right to withdraw his pleas of guilty.

16. The defendant understands that there is no agreement concerning his ultimate sentence. The defendant could receive the maximum penalty provided by law.

17. The defendant waives his right to appeal the sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742. Notwithstanding the foregoing, the defendant retains any right to appeal his sentence if the United States appeals the sentence, or if the Court imposes a sentence above the statutory maximum. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or prosecutorial misconduct.

18. Prior to or at the time of sentencing, the defendant will pay to the Clerk of Courts a special assessment in the amount of $200.00, as a required by Title 18 U.S.C. § 3013.

19. This is the entire Plea Agreement. There are no other provisions or understandings.

CARTER M. STEWART
United States Attorney

4-24-2012
Date

KENNETH L. PARKER (#0068805)
Assistant U.S. Attorney
221 East 4th Street, Suite 400
Cincinnati, OH 45202
(513) 684-3711

4-24-2012
Date

AARON HASLAM (#0077729)
Special Assistant U.S. Attorney
221 East 4th Street, Suite 400
Cincinnati, OH 45202
(513) 684-3711

4-24-2012
DATE

KEVIN HUFF
Defendant

4-24-2012
DATE

ERIC BREHM (#0074115)
Attorney for the Defendant
Brehm and Associates, LPA
604 East Rich Street, Suite 2100
Columbus, Ohio 43215
(614) 228-5800
(614) 519-4984